**Danny M. RAYMOND and Vicki Raymond, Appellants,**

**v.**

**David YOUNG and Rhonda Young, and Nemo Construction, Inc., Respondents.**

**No. WD 69176.**

Missouri Court of Appeals, Western District.

Dec. 9, 2008.

Rehearing Denied Jan. 27, 2009.

Steven E. Raymond, Shelbyville, MO, for appellants.

Mark Douglas Chuning, Kansas City, MO, for respondents.

RONALD R. HOLLIGER, Judge.

Danny and Vicki Raymond (the Raymonds) appeal the denial of treble damages in a statutory trespass case they brought against David Young (Young) and his company Nemo Construction, Inc. We find that no evidence was presented to justify a reduction from treble damages to single damages. We reverse and remand to the trial court to enter treble damages against Young and Nemo Construction.

**Factual and Procedural Background**

The Raymonds owned property bounded to the north by a creek. A right-of way existed on the west side of their property for a road. A bridge for the road spanned the creek at the northwest corner of their property. The county decided to move the bridge to the west in order to straighten the road. The county widened the right of way by negotiating with landowners to the west of the road. The county determined that the widened right of way was sufficient for the construction needs of the new bridge and did not attempt to widen the right of way further onto the Raymonds' land. A plan was drawn up showing the existing and proposed location of the road and the bridge, and showing the right of way. Robert Burnett was a project engineer and was involved in drawing up the plans for the project.

Young is the sole owner of Nemo Construction, Inc. The county awarded the construction work to his company. The contract required Young to follow all plans given to him. While he was working on the project, he created a low water crossing for ease of moving his equipment. While performing the contract, he removed three trees from the Raymonds' property, which were not located in the right of way. The Raymonds sued Mr. Young, Mrs. Young, and Nemo Construction for statutory trespass under Section 537.340.[1]

During the trial, Burnett testified that he told Young during a pre-construction conference not to disturb the southeast corner of the project. Randy Atkins, a supervisor for the county highway department, testified that during the same conference he told Young to stay off the property on the southeast corner. Young asked Atkins whether a low water crossing is typically built for these types of projects. Atkins said yes. Burnett and Young both testified, without objection, that it was the contractor's responsibility to determine the location of the right of way. Young also testified. During his testimony his attorney asked: "Where does the crane need to be to do [its] job driving pilings or setting beams during the bridge construction process?" Raymond objected on the grounds of relevance. Young argued that it was relevant to the question of probable cause and treble damages, and that the question related to whether he believed he had right to be on the property. Raymond argued that this was a strict liability question and any excuses or explanations regarding why he had done something were irrelevant. The trial court sustained the objection. Young made no offer of proof, nor did he attempt to offer any further information about

---

1. All statutory references are to RSMo 2000.

whether he was justified in removing the trees. He affirmed that he was responsible for determining the right of way line. He also stated that he did not ask for and was not given permission to enter the Raymonds' property.

The trial court found for Mrs. Young, but against Mr. Young and Nemo Construction for trespass. The trial court found that the damages from the removal of the trees were $6,981 and awarded interest of 9%. The trial court determined that Mr. Young and Nemo Construction "had a reasonable or good faith belief that they had a right to enter upon Plaintiffs' real estate or to remove or destroy said things from the Plaintiffs' property," and awarded single damages under section 537.360, rather than the treble damages authorized by section 537.340. The Raymonds appeal the decision to award single rather than treble damages, arguing that Young did not meet the burden of proof to justify the reduction.

## Standard of Review

We will sustain the judgment in a court tried case unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

## Analysis

■■■ There is no challenge to the finding of trespass. The only question before us is whether the trial court erred in awarding single damages rather than the treble damages allowed by the trespass statute. Section 537.340 sets forth the requirements and punishment for statutory trespass. Subject to certain exceptions a finding against an individual for statutory trespass subjects that person to treble damages for the trespass. An exception to the award of treble damages under section 537.340 is found in section 537.360 which reads as follows:

On the trial of any action or prosecution brought upon sections 537.340, 537.350 and 537.370 if it shall appear that the defendant had probable cause to believe that the land on which the trespass is alleged to have been committed, or that the thing so taken, carried away, injured or destroyed, was his own, the plaintiff in the action or prosecution shall receive single damages only, with costs.

§ 537.360. This statute has been interpreted such that "was his own" means that the trespasser believed the land belonged to him or that he had a right to be on the land. *See Ridgway v. TTnT Dev. Corp.*, 26 S.W.3d 428, 436 (Mo.App. S.D.2000). Probable cause is "such cause as would induce a reasonable person to believe he had the right to remove trees from another's land." *Hale v. Warren*, 236 S.W.3d 687, 695 (Mo.App. S.D.2007) (quoting *Ridgway*, 26 S.W.3d at 436). The trespasser has the burden to prove that he had probable cause. *Id.*

■■■ In this case, the trial court found that Young had committed statutory trespass by removing three trees from the Raymonds' property, causing damages of $6,981. The trial court did not award treble damages, saying that the defendants "had a reasonable or good faith belief that they had a right to enter upon Plaintiffs' real estate or to remove or destroy said things from the Plaintiffs' property."

Under the standard of review we will reverse if there was no substantial evidence supporting the decision. Young submitted no evidence suggesting that he had a reasonable belief that he had the right to remove the Raymonds' trees. In fact, the evidence presented at trial supported the opposite conclusion. The contract Young signed stated that he would follow all plans. His testimony, along with

that of Burnett and Atkins, showed that he knew that he had the duty to determine the right of way line. Additionally, he was told twice at the pre-construction conference that he was not to go on the land southeast of the bridge. Thus, he knew that he was not to cross the right of way line, and he had the duty to establish where it was located, but he did not do so. Young did not meet his burden to present proof that he had probable cause to enter onto the Raymonds' land.

Young argues that the Raymonds cannot now say that he presented no evidence, because their objection at trial prevented him from presenting the evidence. *See House v. Mo. Pac. R.R. Co.,* 927 S.W.2d 538, 541 (Mo.App. E.D.1996). The objection was in response to this question: "Where does the crane need to be to do [its] job driving pilings or setting beams during the bridge construction process?" The objection was to the relevancy of any potential answer, because the question amounts to asking for an excuse for why the trespass occurred, that is, necessity. No answer to this question could in any way suggest that Mr. Young had a reasonable belief he had a right to be on the land. Furthermore, no offer of proof was made as to what the answer would have been and how it would have been relevant. Young argued during the discussion about the objection that this was relevant to the question of treble damages because the answer might indicate that he believed he was in the right of way. His answer to the question asked would not reveal such a belief, though, because it could only indicate where he believed the crane needed to be, not where he had a right to be.

Because there was no evidence to support the reduction of treble damages to single damages, we reverse and remand for entry of judgment in accordance with this opinion.

JOSEPH M. ELLIS, Presiding Judge, and JOSEPH P. DANDURAND, Judge, concur.