R.L. POLK & COMPANY, Samba Holdings, Inc., Appellant–Respondents,

and

Experian Information Solutions, LLC., Appellant–Respondent,

v.

MISSOURI DEPARTMENT OF REVENUE and the Missouri Director of Revenue, Respondent–Appellants.

Nos. WD 70973, WD 70997, WD 70998, WD 71018.

Missouri Court of Appeals, Western District.

May 18, 2010.

Michael A. Dallmeyer, for Appellant–Respondent R.L. Polk & Company.

Benjamin A. Lipman, for Appellant–Respondent Samba Holdings, Inc.

Mark E. Long, for Respondent–Appellants Missouri Department of Revenue and Missouri Director of Revenue.

Before Division Two: MARK D. PFEIFFER, Presiding Judge, VICTOR C. HOWARD, Judge and ALOK AHUJA, Judge.

**VICTOR C. HOWARD, Judge.**

The Department of Revenue and the Director of Revenue ("the Department") appeal the trial court's judgment finding that the Department's 3.82¢ charge per electronic copy of a Missouri motor vehicle or drivers' license record violates section 610.026.1(2) of Missouri's Sunshine Law.[1] The Department claims that the trial court erred in finding that the Department could not impose a per record charge and in finding that the charge was excessive. RL Polk & Company, Samba Holdings, Inc., and Experian Information Solutions, LLC also appeal the judgment and contend that the trial court erred in denying their request for attorney's fees. The judgment of the trial court is affirmed.

### Factual and Procedural Background

Prior to May 1, 2008, R.L. Polk & Company, Samba Holdings, Inc., and Experian Information Solutions, LLC ("the Companies") often requested copies of motor vehicle and drivers' license records from the Department. The Department transferred the records to the Companies in bulk via an electronic transfer for a charge that averaged out to approximately .23¢ per record.[2] Starting on May 1, 2008, the Department increased the fee for a copy of a record to $7.00 per record, including records transferred by electronic means.

The Companies filed an action against the Department challenging the fee increase. On June 20, 2008, the trial court entered its judgment and a permanent injunction. The court found that the motor vehicle and drivers' license records were public records within the meaning of Mis-

---

1. All statutory references are to RSMo Cum. Supp.2008.

2. The Department's charge for electronic records in bulk was based on a fee schedule that included a processing fee, a programming fee, a fee of .43¢ per 100 records for the first 50,000 records, and a fee of .03¢ per 100 records for over 50,000 records.

souri's Sunshine Law.[3] The court further concluded that, instead of complying with the fee limitations of the Sunshine Law, the Department improperly imposed the $7.00 per record charge in order to fund a new computer system. However, the court declined to award attorney's fees to the Companies because it found that the Department did not violate the Sunshine Law knowingly or purposely. Based on its finding that the $7.00 charge per electronic copy provided in bulk violated the Sunshine Law, the court permanently enjoined the Department from charging any fee other than: (1) the charges in effect prior to May 1, 2008; or (2) charges that are established in compliance with the fee limitations set forth in section 610.026.1(2).

Following the trial court's judgment, the Department announced that on December 1, 2008, it would implement a new fee of 3.82¢ per electronic copy. On February 17, 2009, the Companies filed a motion to enforce the trial court's judgment and injunction, claiming that the Department's new fee did not comply with section 610.026.1(2). The Companies also sought to recover attorney's fees.

The trial court issued its judgment and permanent injunction regarding the 3.82¢ charge on April 16, 2009. The court found that section 610.026.1(2) of the Sunshine Law did not expressly permit the Department to charge a "per record" fee for electronic access to records. Instead, the statute limited the Department to charging only for the actual staff time necessary to respond to each request and transfer the records and for the cost of the medium on which the record is copied. However, because the records were provided by electronic transfer through the internet, the

court found that the Companies did not have to pay for the cost of the medium used for duplication.

In addition, the court concluded that, even if the Department could charge a per record fee pursuant to the Sunshine Law, the 3.82¢ fee violated section 610.026.1(2) because it was excessive and, therefore, unlawful. The evidence submitted to the court showed that, in computing the 3.82¢ fee, the Department determined that its annual cost to maintain and provide electronic copies of records was $269,562.[4] The Department arrived at the 3.82¢ fee by dividing the annual cost figure by the total number of motor vehicle and drivers' license records that were updated during the year, which was approximately 7 million records. The evidence also showed that in 2007, the Department sold 90,316,-752 electronic copies of records and in 2008, it sold 81,074,358 electronic copies of records. The court found that, if the total annual cost was divided by the number of electronic copies sold in 2007, the per record cost would be less than .30¢, and if it was divided by the number sold in 2008, the per record cost would be .34¢. Therefore, the court determined that the evidence did not justify a fee of 3.82¢ per record but, rather, the Department could not lawfully charge more than .34¢ on a per record basis.

On the issue of attorney's fees, the court found that the Department did not knowingly or purposely violate the Sunshine Law and declined to award attorney's fees to the Companies. While the Department's calculation to set its fee was incorrect, its interpretation of the statute and its proposed rate did not demonstrate a

---

3. At this stage of the litigation, the Department was claiming that its charge for a copy of a record was not subject to the fee limitations of the Sunshine Law.

4. The court specifically stated that it was not deciding whether each of the individual items set forth in the Department's cost calculation were lawfully included.

knowing or purposeful violation. Furthermore, the court found that there was no evidence of a purpose or intent to violate the Sunshine Law. The court's judgment permanently enjoined the Department from charging any fee other than: (1) the fees in effect prior to May 1, 2008; or (2) a fee established in compliance with section 610.026.1(2). The Department and the Companies appeal.

## Standard of Review

In reviewing a court-tried case, we will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "[W]e accept as true the evidence and reasonable inferences therefrom in favor of the prevailing party and disregard the contrary evidence." *Evans v. Werle*, 31 S.W.3d 489, 491 (Mo.App. W.D.2000). "This court will set aside the trial court's decision only when firmly convinced that the judgment is wrong." *Id.* Interpretation of a statute is a question of law and is subject to *de novo* review. *See McKinney v. State Farm Mut. Ins.*, 123 S.W.3d 242, 245 (Mo. App. W.D.2003).

## Compliance with the Sunshine Law

We address first the Department's appeal from the trial court's judgment. In its two points on appeal, the Department claims that the trial court erred in finding

that the 3.82¢ charge violated section 610.026.1(2) of the Sunshine Law because: (1) the plain language of the statute allows the Department to charge a per record fee for electronic records;[5] and (2) the charge was not excessive in that the statute permits the charge to include the cost of maintaining and providing electronic records.

Section 610.026.1(2) provides that, except as otherwise provided by law, public governmental bodies shall provide access to and, upon request, furnish copies of public records subject to the following fee limitations:

> Fees for providing access to public records maintained on computer facilities, recording tapes or disks, videotapes or films, pictures, maps, slides, graphics, illustrations or similar audio or visual items or devices, and for paper copies larger than nine by fourteen inches shall include only the cost of copies, staff time, which shall not exceed the average hourly rate of pay for staff of the public governmental body required for making copies and programming, if necessary, and the cost of the disk, tape, or other medium used for the duplication.

In an attempt to comply with the statute, the Department performed a cost analysis in which it determined that its annual cost to maintain and provide electronic copies of records was $269,562.[6] The Department divided the total cost by the number of records that were updated during the

---

**5.** This appeal involves only the Department's attempt to establish a per record fee that applies uniformly to all electronic records requests, without regard to the nature of the particular request. We are not called upon to address, and do not address, the lawfulness of a fee schedule in which the Department seeks, for purposes of administrative convenience, to pre-determine the rates for particular categories of requests based on the costs associated with particular types of requests. In this re-

gard, we note that the Companies have not challenged that aspect of the trial court's June 20, 2008 or April 16, 2009 judgments which permitted the Department to return to its pre-May 1, 2008 fee schedule, which contained certain pre-determined rates.

**6.** Like the trial court, we do not address whether the individual items in the Department's cost analysis were properly included.

year and arrived at a fee of 3.82¢ per record, to be applied to all electronic records requests regardless of the nature or size of a particular request. The trial court found that section 610.026.1(2) does not expressly permit a per record fee for electronic access to records but, rather, limits the Department to charging "only for the actual staff time necessary to respond to each request made and to transfer the electronic records and the cost of any medium on which the records are copied." Therefore, the court concluded that the Department's fee of 3.82¢ per electronic record violated section 610.026.1(2).

The Department contends that the trial court's interpretation of the statute is unduly restrictive. In support of its contention, the Department argues that the legislature intended some relationship between the scope of the request and the amount paid. Otherwise, a person who requests ten electronic records could potentially pay the same amount as a person who requests all of the electronic records, or the person requesting only ten records could pay more because the Department must spend more time identifying and isolating the records. However, based on the language of section 610.026.1(2), we find that, in the context of electronic transfers of records, the amount paid relates not to the actual number of records requested but, instead, relates to the staff time used and the cost incurred by the Department in responding to the request. Therefore, the trial court did not err in finding that the statute does not authorize the Department to charge an across-the-board per record fee for electronic records, without any reference to the nature, size, or other particulars of a given request.

"The primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute." *State ex rel. Burns v. Whit-*

*tington,* 219 S.W.3d 224, 225 (Mo. banc 2007). In the absence of statutory definitions, the plain and ordinary meaning of the terms in a statute may be derived by considering the context of the entire statute in which the terms appear. *See id.* The Department refers to the first subsection of section 610.026.1 in support of its argument that a blanket per record fee is allowed. Section 610.026.1(1) provides that "[f]ees for copying public records ... shall not exceed ten cents per page for a paper copy." This language appears to undermine the Department's argument rather than strengthen it. The legislature specifically chose to authorize a per record fee for paper copies in section 610.026.1(1). Similar language is conspicuously absent from section 610.026.1(2), which imposes fee limitations for, among other types of records, records maintained on computer facilities.

The Department claims that, while the legislature set the per record cost for paper copies in the first subsection, the absence of similar language in section 610.026.1(2) implies that the Department is to set the per record fee for the types of records included in section 610.026.1(2). However, in the context of electronic records, a flat per record fee would not properly take into account the costs the statute authorizes the Department to include in its fee. Where the records are transferred electronically to the Companies, the number of records requested does not necessarily correspond to the cost to the Department in terms of staff time and the cost to transfer the records.

For instance, as the Department itself points out, the trial court received evidence which demonstrated that the Department may incur the same cost in responding to a request for all of its records as it would in responding to a request for only ten records. Essentially, the Depart-

ment would not incur any further costs simply due to the difference in the number of records requested. Furthermore, the evidence showed that it may cost the Department more to process a request for only ten records because it would have to spend more staff time to identify and isolate those particular records.

Section 610.026.1(2) specifically limits the fee for providing access to public records maintained on computer facilities to include only the cost of copies, staff time, and the cost of the medium used for duplication. In the context of transferring electronic records, the Department incurs these costs based on each request, whether it be for ten or all of the Department's records, rather than based purely on the number of records sought in the request. Where a uniform per record fee is not expressly authorized by the statute, and where a per record fee for the transfer of electronic records does not correspond to or properly account for the types of costs listed in the statute, the trial court did not err in finding that the Department's fee of 3.82¢ per record for records provided electronically through the internet was not in compliance with the requirements of section 610.026.1(2). The Department's point on appeal is denied.[7]

### Attorney's Fees

■ In their individual cross-appeals, the Companies claim that the trial court erred in denying their request for attorney's fees because the Department purposely and knowingly violated the Sunshine Law when it set its fee at 3.82¢ per electronic record.

■ Section 610.027 authorizes the trial court to award attorney's fees to any party who successfully establishes a purposeful or knowing violation of the Sunshine Law. If the court finds that a public governmental body has knowingly violated sections 610.010 to 610.026, the court may order the governmental body to pay all costs and reasonable attorney's fees to the prevailing party. § 610.027.3. If the court finds that the violation was purposeful, the court is required to order the payment of all costs and reasonable attorney's fees. § 610.027.4. To purposely violate the Sunshine Law, "more than a mere intent to engage in the conduct resulting in the violation is necessary." *Spradlin v. City of Fulton*, 982 S.W.2d 255, 262 (Mo. banc 1998). Instead, the "public governmental body must exhibit a 'conscious design, intent, or plan' to violate the law and do so 'with awareness of the probable consequences.'" *Id.* Furthermore, "[e]ngaging in conduct reasonably believed to be authorized by statute does not amount to a purposeful violation." *Id.* at 263.

On the issue of attorney's fees, the trial court found that the Department had not purposefully or knowingly violated the Sunshine Law. While the court found that the Department's calculation to set its 3.82¢ charge was incorrect, it did not believe that the Department's interpretation of the statute and method of calculating the charge were the type of conduct that constituted a purposeful or knowing violation. Additionally, the court found that there was no evidence of a purpose or intent to violate the Sunshine Law.

The Companies argue that the Department unlawfully included certain costs in its cost analysis and underestimated the number of records it would sell in a given year, thereby inflating the per record charge in order to recover a profit. The

---

7. Because we affirm the trial court's finding that the Department cannot charge a per record fee in this instance, we do not address the Department's second point challenging the trial court's ruling that the 3.82¢ fee violated section 610.026.1(2) in that it was excessive.

Companies claim that this constitutes a purposeful and knowing violation of the Sunshine Law. The Department contends that it did not purposefully or knowingly violate the Sunshine Law in setting its fee for electronic records because neither section 610.026.1(2) nor the terms of the trial court's judgment set forth specific criteria regarding how a charge was to be calculated for electronic records.

The trial court was familiar with the entire course of the parties' litigation and similarly found that the Department did not purposefully or knowingly violated the Sunshine Law when it set its rate at $7.00 per electronic record. At that stage of the litigation, the Department set its rate premised on its belief that the Sunshine Law and the fee limitations of section 610.026.1(2) did not apply to the records at issue. After the trial court ruled that the Sunshine Law applied, the Department performed a cost analysis and attempted to set a fee that conformed to section 610.026.1(2).[8] The trial court's previous judgment did not set forth standards by which the Department was to calculate the new fee; it merely limited the Department to charging the fees in effect prior to May 1, 2008, or to charging a fee that complied with the criteria set forth in section 610.026.1(2). While the statute limits the types of costs the Department may seek to recover in its fees, it does not expressly set forth a method by which the fee should be calculated, i.e., whether a per record fee could be charged for electronic records. Under these circumstances, the trial court's finding that the Department had not purposefully or knowingly violated section 610.026.1(2) was not against the weight of the evidence. The Companies' point is denied.

The judgment of the trial court is affirmed.

All concur.

---

8. In a deposition that was entered into evidence, a member of the Department testified that the goal of its cost analysis was to calculate a new fee that was in compliance with the Sunshine Law.