

# SUPREME COURT OF MISSOURI
## en banc

JOHN P. STRAKE, )
                      )
          Appellant, )
                      )
vs. )      No. SC94842
                      )
ROBINWOOD WEST COMMUNITY )
IMPROVEMENT DISTRICT, )
                      )
          Respondent. )

**APPEAL FROM THE CIRCUIT COURT OF ST. LOUIS COUNTY**
Honorable Kristine A. Kerr, Judge

*Opinion issued November 10, 2015*

John Strake appeals from a summary judgment entered in favor of Robinwood West Community Improvement District. Mr. Strake asserts that the trial court erred by not imposing a civil penalty, attorney fees and costs against Robinwood for violation of chapter 610 of the Missouri Revised Statutes (the "Sunshine Law"). Mr. Strake asserts that the record demonstrates that Robinwood "knowingly" and "purposefully" violated the Sunshine Law and, therefore, is subject to a civil penalty and is liable for attorney fees and costs. The judgment is reversed to the extent that it grants summary judgment in favor of Robinwood.[1]

---

[1] Robinwood did not file a motion for summary judgment. Neither party has raised the issue of whether Rule 74.04 permits the trial court to enter summary judgment in favor of a non-moving party. Consequently, this Court will not address the propriety of granting

## Background

Robinwood is a "public governmental body" as defined in section 610.010(4) of the Sunshine Law.  Mr. Strake resides within Robinwood's borders.  Mr. Strake submitted a written request, pursuant to the Sunshine Law, for disclosure of documents related to Robinwood's settlement of a personal injury lawsuit.  The settlement agreement included a confidentiality clause providing that "unless required by law, order of the court, or as necessary to complete probate and settlement of this case."  Robinwood consulted with counsel.  Counsel advised  Robinwood "may not produce a copy of [the agreement] … without exposing [Robinwood] to damages for breach of contract" for violating the confidentiality clause.

Mr. Strake filed suit alleging that Robinwood was violating the Sunshine Law by not disclosing various public records, including those relating to the settlement of the personal injury lawsuit.  Mr. Strake also alleged that Robinwood was liable for attorney fees and a civil penalty for knowingly and purposefully withholding documents subject to disclosure under the Sunshine Law.  Robinwood denied the allegations and asserted that the documents were protected from disclosure by the attorney/client and insurer/insured privileges and that the confidentiality clause in the settlement agreement precluded disclosure.

---

summary judgment in favor of a non-moving party.  *See J.A.R. v. D.G.R.*, 426 S.W.3d 624, 629-30 (Mo. banc 2014) (points not raised in the court of appeals are not preserved); Rule 83.08(b).

Mr. Strake filed a motion for summary judgment on grounds that the documents were subject to disclosure and Robinwood failed to cite any exception within the Sunshine Law that barred disclosure. Robinwood argued that the documents were not subject to disclosure and, alternatively, that there was no evidence to support a finding that Robinwood either knowingly or purposely violated the Sunshine Law. Robinwood noted that it sought the advice of counsel and relied on that advice to deny Mr. Strake's request to disclose the documents relating to the settlement.

The trial court entered judgment in favor of Mr. Strake and ordered Robinwood to disclose the documents regarding the settlement agreement, minutes and votes, and the sums of money expended on the lawsuit.[2] The court, however, denied Mr. Strake's request for attorney fees and a civil penalty based on Mr. Strake's assertion that Robinwood knowingly and purposely violated the Sunshine Law. The court reasoned that Mr. Strake's document request subjected Robinwood to "two mutually conflicting obligations; it [was] bound by the terms of its contract to keep its settlement agreement confidential until the Court ordered it released, but it [was] also subject to the provisions of the Sunshine Law if it did not release the agreement." The trial court also relied on the fact that Robinwood relied on "the advice of counsel to avoid a lawsuit for breach of contract."

Mr. Strake appeals. His sole point on appeal asserts that the trial court erred in failing to impose a civil penalty and an award of attorney fees and costs against

---

[2] The trial court determined that Mr. Strake's request for production of Robinwood's correspondence with its attorneys and insurer were closed records because they constituted legal work product. Mr. Strake does not challenge that ruling on appeal.

Robinwood.  Mr. Strake argues that the plain language of section 610.021(1)

unequivocally provides that records relating to a "settlement agreement" are open records

subject to disclosure and that the record contains no reasonable legal or factual basis

indicating that records relating to the settlement agreement were closed.[3]

## Standard of Review

Summary judgment is appropriate when there are no genuine issues of material

fact and the moving party is entitled to judgment as a matter of law.  *ITT Commercial*

*Fin. Corp. v. Mid-Am. Marine Supply Corp*., 854 S.W.2d 371, 380 (Mo. banc 1993).

When reviewing a summary judgment, an appellate court reviews the record in the light

most favorable to the party against whom judgment was entered.  *Id.* at 376.  "The

moving party bears the burden of establishing a right to judgment as a matter of law."

*Powel v. Chaminade Coll.  Preparatory, Inc*., 197 S.W.3d 576, 580 (Mo. banc 2006).

Appellate review of a summary judgment is "essentially de novo."  *ITT,* 854 S.W.3d at

376.

## Analysis

Section 610.010(6) defines a "public record" as "any record, ... retained by or of

any public governmental body."[4]  Further, "each public governmental body shall ... upon

request, furnish copies of public records .... "  Section 610.026.1.  However, a

governmental body's obligation to disclose public records is subject to the permissive

---

[3] This Court transferred the case following an opinion from the court of appeals and,
therefore, has jurisdiction pursuant to Mo. Const. Art. V, sec. 10.
[4] All statutory references are to RSMo 2000 and Cum. Supp. 2013.

exemptions listed in section 610.021. As pertinent to this case, section 610.021(1) authorizes a governmental body to close records relating to "[l]egal actions, causes of action or litigation involving a public governmental body and any confidential or privileged communications between a public governmental body or its representatives and its attorneys." The power to close records relating to legal actions is not unlimited. The statute expressly limits the power to close records by providing that "any minutes, vote or settlement agreement relating to legal actions, causes of action or litigation involving a public governmental body … shall be made public upon final disposition of the matter voted upon or upon the signing by the parties of the settlement agreement, unless, prior to final disposition, the settlement agreement is ordered closed by a court …." *Id*.

There is no dispute that Mr. Strake requested Robinwood to furnish copies of records pertaining to its settlement of the personal injury action. There is no dispute that section 610.021(1) provides that settlement agreements are considered open records unless ordered closed by a court. The parties agree that there is no court order closing Robinwood's settlement agreement. As the trial court determined, there is no question that the settlement agreement and related documents are open records subject to disclosure based on Mr. Strake's written request. The dispute centers solely on whether Robinwood "knowingly" or "purposely" withheld the records in violation of the Sunshine Law.

Section 610.027.3 provides that if a trial court finds by a preponderance of the evidence that "a public governmental body … knowingly violated" the Sunshine Law,

the public governmental body "shall be subject to a civil penalty in an amount up to one thousand dollars" and the court "may" award reasonable attorney fees and costs. A knowing violation requires proof that the public governmental body had "actual knowledge that [its] conduct violated a statutory provision." *White v. City of Ladue*, 422 S.W.3d 439, 452 (Mo. App. 2013).

Section 610.027.4 provides that, if a trial court finds by a preponderance of the evidence that "a public governmental body … purposely" violated the Sunshine Law, then the court shall impose a civil penalty in an amount up to five thousand dollars and "shall" award reasonable attorney fees and costs. A purposeful violation of the Sunshine Law occurs when there is "'a conscious design, intent, or plan' to violate the law and do so 'with awareness of the probable consequences.'" *Spradlin v. City of Fulton*, 982 S.W.2d 255, 262 (Mo. banc 1998) (internal quotations omitted).[5] Mr. Strake had the burden to prove, by a preponderance of the evidence, that Robinwood knowingly or purposely violated the Sunshine Law when it refused to produce the requested records. *Great Rivers Envtl. Law Ctr. v. City of St. Peters*, 290 S.W.3d 732, 735 (Mo. App. 2009).

Robinwood admits "knowing or having 'actual knowledge' that it is subject to the Sunshine Law." Robinwood further admits "generally knowing that certain documentation is subject to production under the Sunshine Law." Robinwood, however,

---

[5] The determination of whether a public governmental body knowingly or purposely violated the Sunshine Law is informed by this Court's recognition that portions of the Sunshine Law that allow for imposition of a civil penalty and an award of attorney fees and costs are penal in nature and must be strictly construed. *Spradlin*, 982 S.W.2d at 262.

"adamantly denies that it had any knowledge as to whether documents relating to a settled personal injury lawsuit filed against [Robinwood] must be produced under the Sunshine Law." Robinwood's adamant denial is based on the fact that its attorney indicated that Robinwood should not disclose the documents requested by Mr. Strake.

Robinwood's attorney advised Robinwood that it "may not produce a copy of the [settlement agreement] … without exposing the district to damages for breach of contract" due to the agreement's confidentiality clause. The attorney further advised that, "[w]hile we are cognizant of RSMO 610.021, we believe the most prudent course is to refuse these requests absent a Court Order to produce the requested documents." The trial court relied on the content of this legal advice to conclude that Robinwood could not have knowingly or purposely violated the Sunshine Law because Robinwood was subject to the "two mutually conflicting obligations" of the Sunshine Law and the confidentiality clause in the settlement agreement. This conclusion is erroneous.

First, the advice Robinwood received from counsel does not negate Robinwood's knowledge of its obligations under the Sunshine Law. Robinwood's counsel did not advise Robinwood that the records requested by Mr. Strake were closed. To the contrary, counsel noted that "we are cognizant" of section 610.021, which expressly provides that "settlement agreements" are open records unless closed by court order. Therefore, Robinwood's counsel advised that the records were open but that Robinwood should deny Mr. Strake's request because of the possibility of a breach of contract lawsuit.

Second, even if disclosing the documents to Mr. Strake would have exposed Robinwood to the "two mutually conflicting obligations" of the Sunshine Law and the

7

confidentiality clause, Robinwood's knowledge of its Sunshine Law obligations is not negated by its contractual obligations. The necessary premise underlying the trial court's "conflicting obligations" rationale is that Robinwood was in fact aware of these conflicting obligations. The logic of the trial court's judgment – and Robinwood's argument – amounts to an acknowledgement that Robinwood had actual knowledge of its Sunshine Law obligations. Further, Robinwood's decision to withhold the requested documents requested to avoid potential contractual liability amounts to "purposely" violating the Sunshine Law as part of a "'conscious design, intent, or plan' to violate the law … 'with awareness of the probable consequences.'" *Spradlin*, 982 S.W.2d at 262 (Mo. banc 1998). The trial court erred in concluding, as a matter of law, that Robinwood could not have knowingly or purposely violated the Sunshine Law.

The judgment is reversed to the extent it grants summary judgment in favor of Robinwood. The case is remanded for further proceedings consistent with this opinion.

_____
Richard B. Teitelman, Judge

All concur.