Laura Denvir Stith, Judge
Plaintiffs Rachal Laut and John Soellner appeal the trial court’s judgment that Plaintiffs are not entitled to a civil penalty or attorney’s fees under section 610.027[1] for Defendant City of Arnold’s (the city) failure to provide an internal affairs report in response to Plaintiffs’ Sunshine Law request because the failure to disclose the report did not result from a knowing or purposeful violation of the Sunshine Law. This Court affirms.
What constitutes a knowing or purposeful violation of the Sunshine Law is a question of law. Section 610.027 expressly states that a knowing violation occurs when the public entity “has knowingly violated sections 610.010 to 610.026.” § 610.027.3. To prove a “knowing” violation, a party, therefore, must do more than show that the city knew that it was not producing the report; as this Court noted in Strake v. Robinwood West Cmty. Improvement Dist., 473 S.W.3d 642, 646 (Mo. banc 2015), section 610.027.2 requires proof that the public entity knew that its failure to produce the report violated the Sunshine Law. § 610.027.3. The standard required to prove a “purposeful” violation under section 610.027 is greater — the party must show that the defendant “purposefully violated section 610.010 to 610.026”, which this Court has defined as acting with “a ‘conscious design, intent, or plan’ to violate the law and d[id] so ‘with awareness of the probable consequences.’ ” Spradlin v. City of Fulton, 982 S.W.2d 255, 262 (Mo. banc 1998).
Applying these standards, the trial court found, after an evidentiary hearing, that the city’s failure to disclose a particular investigative internal affairs report was neither knowing nor purposeful. In so doing, it rejected Plaintiffs’ contention that the city purposefully or knowingly stonewalled the Sunshine Law request and intentionally violated the law. It was up to the trial court to weigh the evidence and resolve the factual question whether the city’s conduct fell within the definitions of knowing or purposeful violations under section 610.027. The judgment is affirmed.
J. FACTUAL AND PROCEDURAL HISTORY
In 2010, Plaintiffs believed that one or more Arnold police department employees had accessed Plaintiffs’ confidential records in the “Regional Justice Information System” (REJIS) database. In September 2010, Ms. Laut filed a complaint with the Arnold police department, and the department completed an internal affairs investigation. Plaintiffs hired counsel, and on October 11, pursuant to Missouri’s Sunshine Law, section 610.010, et seq., counsel sent the city a letter requesting “any and *194 all incident reports, Internal Affairs investigative reports and records of any type (including'e-mail and text messages)” regarding:
.1. the use of the REJIS computer network by any department employee, including two specifically named em- ’ ployees, to access information about ‘Plaintiffs,
2. any communications by the two named employees or others with law enforcement regarding ’ a criminal background check of Plaintiffs,
3. the reasons for termination of one of the two employees, and
4. the reasons for disciplinary actions ' taken against the other employee.
The letter stated the attorneys were seeking the documents for the purpose of investigating civil claims.
Section 610.100.2 provides that
All incident reports and arrest reports shall be open records. Notwithstanding any other provision of law other than the provisions of subsections 4, 5 and 6 of this section or section 320.083, investigative reports of all law enforcement agencies are closed records until the investigation becomes inactive. If any person is arrested and not charged with an offense against the law‘within thirty days of the person’s arrest, the arrest report shall thereafter be a closed record except that the disposition portion of the record may be accessed and except as provided in section 610.120.
The city’s attorney replied by letter that there had been, no criminal investigation and, therefore, no incident report or arrest record. The city stated there had been an internal affairs investigation. but the resulting report and all other documents requested by Plaintiffs were closed under section 610.021 because they contain personnel information about specific employees.
Plaintiffs’. counsel again demanded the records on October 22 and claimed Plaintiffs were entitled to them under section 610.100.4, which provides that “any person . may obtain any records closed pursuant to this section or section 610.160 for purposes of investigating a civil claim.”[2]
On December 2, 2010, Plaintiffs filed their petition for preliminary relief, disclosure of records, statutory damages and attorney’s fees. Plaintiffs claimed that the records were part of a criminal investigation and were open records because, whatever the original motivation for the investigation, under federal law someone who “intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains ... information from any protected computer” commits a federal crime that is punishable by fines or imprisonment. 18 U.S.C. § 1030(a)(2). Plaintiffs = alleged that the city knowingly or. purposely violated the Sunshine Law and, therefore, was subject to the statutory remedies of civil penalties, costs, and attorney’s fees.
Once it is determined that a governmental body is subject to the Sunshine Law and that it has claimed that a record.is closed, the burden is on the governmental body to demonstrate that the Sunshine Law does not require disclosure. See section 610.027.2. Plaintiffs filed a motion for summary judgment, claiming that the internal affairs investigation was conducted *195 in response to complaints of improper or criminal activity, and once the investigation was complete all records relating to the investigation were public-under section 610.100.2, and that the city had failed to show an exemption applied. The trial court overruled the 'motion. The city then moved for summary judgment, claiming the investigation was not a criminal investigation but was limited to determining the employees’ fitness to perform their jobs and the resulting report related to disciplinary matters that are exempt from disclosure. In support of its motion, the city submitted the police chiefs affidavit stating that, after receiving a complaint from Plaintiffs that two employees had “abused their access to REJIS for personal reasons,” he “ordered that an Interna! Affairs investigation be commenced for the limited purpose to determine the fitness of the employees to perform their respective duties_ I have not and will not produce the personnel records or closed Internal Affairs report of my employees pursuant to City Ordinance.”
The trial court granted the city’s motion. Plaintiffs appealed, and the court of appeals held there was a dispute whether the internal affairs investigation was a criminal investigation and remanded the case for the trial court to conduct an en -camera review of the internal affairs report and of other documents responsive to the two requests relating to employees improperly accessing REJIS and communicating about background checks. Laut v. City of Arnold, 417 S.W.3d 315, 320-21 (Mo.App.2013). The court of appeals, however, affirmed the trial court grant of summary judgment “as it relates to any public records other than investigative reports, containing only information responsive to Appellants’, requests for the reasons for discipline of [the two named employees].” Id.
On May 7, 2014, -the trial court held a hearing at which the city’s counsel attested that the records were “a full and accurate representation of all'of the documents that are contained within Ms. Laut’s personnel records and all records that are pertaining to the case.” After reviewing the records en-.camera, the trial court found that, “with the exception of the Internal Affairs report,” all the other records were personnel records clearly exempt from disclosure under sections 610.021(3) relating to disciplinary actions and 610.021(13) relating to personnel records.
With regard to the internal affairs report, the trial court found that the city’s “contention that the Internal Affairs report is in whole, or in part, a personnel record is wholly inaccurate.” The trial court stated that the internal affairs investigation was initiated after a complaint of alleged criminal activity and the investigation became inactive when the subject of the investigation resigned, making the internal affairs report a record of a closed investigation that must be disclosed under section ,610,100.2. See also § 610.011 -(“Except as otherwise provided by law, ... all public records of public governmental bodies shall be open, to the public for inspection and copying as set forth in sections 610.023 to 610,026[.]”). Accordingly, the trial court ordered-the disclosure of the report with a portion related -to employees’ timesheets redacted.
Apparently presuming that Plaintiffs would seek fees under section 610.100.5, the trial court set a, hearing “to determine whether, pursuant to § 610.100.5, Defendant City of Arnold’s failure to disclose the Internal " Affairs report was ‘substantially unjustified under all. relevant circumstances’ such that -Defendant should be required to'pay the reasonable costs- and attorney's" fees of Plaintiff.” ' Instead, Plaintiffs filed an application for attorney’s *196 fees and a civil penalty under section 610.027, which provides for attorney’s fees as well as for a fine in an amount up to $5,000 for a purposeful violation or attorney’s fees and a fine in an amount up to $1,000 for a knowing violation in addition to other remedies provided by statute.[3] A hearing was held on that claim at which both parties presented evidence.
The trial court issued its judgment denying the civil penalty and attorney’s fees because, it said, “this Court cannot on this record find that the Defendant City of Arnold either knowingly or purposefully violated the provisions of RSMo §§ 610.010-610.035.” Plaintiffs appealed. The court of appeals‘transferred the- case to this Court after opinion under Mo. Const; art. V, sec. 10.

II. STANDARD OF REVIEW

“An issue of statutory interpretation is a question of law, not fact.” Treasurer of State-Custodian of Second Injury Fund v. Witte, 414 S.W.3d 455, 460 (Mo. banc 2013). Accordingly, the meaning of the terms knowing and purposeful as set out in section 610.027 is a question of statutory interpretation and, so, is a question of law for this Court. The scope of the application of section 610.010 to section 610.200 “shall be liberally construed and their exceptions strictly construed to promote” the public policy of open records. § 610.011. 'But where, as here, the issue is whether a penalty and attorney’s fees should be imposed, the “portions of the Sunshine Law that allow for imposition of a civil penalty and an award of attorney fees and costs are penal in nature and must be strictly construed.” Strake, 473 S.W.3d at 645 n. 5, citing Spradlin, 982 S.W.2d at 262.
Whether the conduct of the city brings it within the scope of the statutory definitions of knowing or purposeful conduct is a question of fact. State v. Selman, 433 S.W.2d 572, 575 (Mo.1968) (question of intent is fact question for the jury).[4] Such factual determinations are reviewed by this Court under the standard set out in Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). Under that standard, it was up to the trial court, as fact finder, to determine whether the city officials’ conduct was knowing or purposeful as those terms are used in section 610.027 when the city declined to release the internal affairs report. See, e.g., Spradlin, 982 S.W.2d at 263 (the record supported'trial court’s decision there was no purposeful violation of the Sunshine Law); R.L. Polk & Co. v. *197 Missouri Dep’t of Revenue, 309 S.W.3d 881, 884, 887 (Mo.App.2010) (same).
■ Because Plaintiffs argued that the application of the statute to the facts was a question of law to be determined de novo, they did not set out in-their point relied on whether they believe that the judgment was not supported by substantial evidence, or whether they believe it was against the weight of the evidence! This Court has recently reiterated that these two standards are separate and distinct and that a party must set out these claims in separate points relied on. Pasternak v. Pasternak, 467 S.W.3d 264, 270 n. 4 (Mo. banc 2015); Ivie v. Smith, 439 S.W.3d 189, 199 n. 11 (Mo. banc 2014). Because Plaintiffs do raise these questions in the argument section of their brief and the city did not object to their absence from the point relied on, this Court, nonetheless, has exercised its discretion to review the record to determine whether the judgment is supported by substantial evidence and is not against the weight of the evidence.
A trial court’s judgment is not supported by substantial evidence when “there is no evidence in the record tending to prove a fact that is necessary to sustain the circuit court’s judgment as a matter of law.” Ivie, 439 S.W.3d at 200. “When reviewing whether the circuit court’s judgment is supported by substantial evidence, appellate courts view the evidence in the light most favorable to the circuit court’s judgment and defer to the circuit court’s credibility determinations^] ... no contrary evidence need be considered on a substantial-evideneé challenge ... [and] [c]ireuit courts are free to believe any, all, or none of the evidence presented at trial.” Id. “A claim that the judgment is against the weight of the evidence presupposes that there is sufficient evidence to support the judgment[,]” and a trial court’s “judgment is against the weight of the evidence only if the circuit court could not have reasonably found, from the record at trial, the existence of a fact that is necessary to sustain the judgment.” Id. at 206 (internal quotations omitted). “Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is ‘against the weight of the evidence’ with caution and with a firm belief that the decree or judgment is wrong.” Murphy, 536 S.W.2d at 32.
III. KNOWING AND PURPOSEFUL VIOLATIONS OF SUNSHINE LAW _
Section 610.027 allows any aggrieved person to seek judicial enforcement of the Sunshine Law and provides the remedies of civil monetary penalties, costs and attorney’s fees for knowing or purposeful violations of that law. The city does not appeal the trial court holding that the city violated the Sunshine Law and should have produced a redacted version of the internal affairs report; The question on appeal is limited to whether the trial court erred in finding that the violation was not purposeful .or knowing as those terms are used in section 610.027, which states that:
3. Upon a finding by a preponderance of the evidence that a public governmental body or a member of a public governmental body has knowingly violated sections 610.010 to 610.026, the public governmental body or the member shall be subject to a civil penalty in an amount up to one thousand dollars. If the court finds that there is a knowing violation of sections 610.010 to 610.026, the court may order the payment by such body or member of all costs and reasonable attorney fees to any party successfully establishing a violation. The court shall determine the amount of the penalty by taking into account the *198 size of the jurisdiction, the seriousness of the offense, and whether the public governmental body or member of a public governmental body has violated sections 610.010 to 610.026 previously.
4. Upon a finding by a preponderance of the evidence that a public governmental body or a member of a public governmental body has purposely violated sections 610.010 to 610.026, the public governmental body or the' member shall be subject to a civil penalty in an amount up to five thousand dollars. 'If the count finds that there was a purposeful violation of sections 610.010 to 610.026, then the court shall order the payment.by such body or member of all ■costs■ and.-reasonable- attorney fees to any party successfully establishing such .a violation. The court shall determine the amount of the penalty by taking into account the size of the jurisdiction, the seriousness of the offense, and whether the public governmental body or member of a public governmental body has. violated sections 610.010 to .610.026 previously,
§§ 610.027.3 and 610,0274 (emphasis added).

A, Definitions of knowing and purposeful in section 610.Ó27

This Court very recently, addressed the dispositive issue here: what is required to show .a knowing or purposeful violation of the Sunshine Law?- Strake held that a purposeful violation occurs when the party acts with “ ‘a conscious design, intent, or plan’ to violate the law and d[id] so ‘with awareness of the probable consequences.’ ” Strake, 473 S.W.3d at 646, citing Spradlin, 982 S.W.2d at 262. Strake also stated that “[a] knowing violation requires proof that the public governmental body had ‘actual knowledge that its conduct violated a statutory, provision,’” Id.
In support, Strake noted that White v. City of Ladue, 422 S.W.3d 439 (Mo.App. 2013), had been presented with a similar issue as to whether a city had knowingly violated the Sunshine Law. White found it did not because, while the city knew it charged the plaintiff for the time, the. city’s attorney spent reviewing the request, the city did not have, actual knowledge that its actions violated the Sunshine Law. 422 S.W.3d at 452-53.
While not precedential, the federal district ' court’s unpublished decision in Wright v. City of Salisbury, Mo., No. 2;07CV00056, 2010 WL 2947709, at *5-6 (E.D.Mo. July 22, 2010) is also instructive. That case involved a claim that the city •board of aldermen violated-the Sunshine Law when it met in closed session without announcing the reason why it was in closed session, as required under the Sunshine Law. Id. at *1. The federal district court was called on to apply the definition of “knowing” that this.Court would apply. It found “that the’ Missouri Supreme Court would hold that the drafters did not intend to impose the specter of civil penalties and attorneys’ fees on a strict liability basis.” Id. at *5. Accordingly, Wright held that it would not impose a penalty or attorney’s fees because “there was no credible evidence that any of the Defendants had a purpose or. intent to violate the Sunshine Law. Nor was there any credible evidence that any Defendant knew that his .actions might violate the Law.,.. the failure to announce the reason or specific statutory exception for .going into closed session was inadvertent, and was not ‘knowing* within the meaning of the statute,” Id. at *6.
' The determinations in Strake, Wright and White- that a .knowing violation requires knowledge of the violation and that a purposeful violation requires proof of a conscious plan or design to violate the statute, are based on. the most definitive *199 source: the language of the Sunshine Law itself. While' a violation of the Sunshine Law does not itself require knowledge that a violation is occurring, imposition of a penalty does. Section 610.027.3 states that a penalty shall be imposed and attorney’s fees and costs may be assessed only:
Upon a finding by a preponderance of the evidence that a public governmental body or a member of a public governmental body has knowingly violated sections 610.010 to 610.026,....
(Emphasis added).
That is, section 610.027.3 does not impose strict liability. Rather, it requires that the governmental body knowingly violated the Sunshine Law, not merely that it knowingly failed to produce the document, for the trial court to impose a civil penalty or assess costs and attorney’s fees. The court, therefore, must find that the defendant knew it was violating these provisions of the Sunshine Law for the statute to authorize a fine or penalty.[5] Similarly, section 610.027.4 states that a penalty, attorney’s fees and costs shall be assessed:
Upon a finding by a preponderance of the evidence that a public governmental body or a member of a public governmental body has purposely violated sections 610.010 to 610.026,_
(Emphasis added).
Again, this mean's that the governmental body’s purpose must be to violate the Sunshine Law, not merely to not produce the report. Purposeful conduct means more than actual knowledge. “To purposely violate the open meetings law a member of a public governmental body must exhibit a ‘conscious design, intent, or plan’ to violate the law and do so ‘with awareness of the probable consequences.’ ” Spradlin, 982 S.W.2d at 262, Accord Stroke, 473 S.W.3d at 645. Contrary.to the suggestion of the dissenting opinions, this is'a far greater .burden than required to prove a knowing violation, for to prove a purposeful violation the plaintiff must prove more than “mere intent to engage in the conduct resulting in the violation[.]” Spradlin, 982 S.W.2d at 262. Plaintiff must show that the conscious plan or scheme, the purpose of the conduct, was to violate the law.
Stroke itself provides a good example of the distinction between a knowing and a purposeful violation. The public entity in that case, Robinwood, admitted it knew that settlement agreements generally are open records but failed to produce the settlement agreement requested in that case because it was concerned that disclosure would breach the settlement agreement itself, which contained a confidentiality clause. 473 S.W.3d at 646, It, therefore, chose not to produce the settlement agreement so as not to violate the confidentiality clause.
This Court held in Stroke that this constituted a knowing violation of the. Sunshine Law because ,“[t]he logic of the trial court’s judgment - and Robinwood’s argument [that it knew it had conflicting legal obligations] - amounts to an acknowledgement that Robinwood had actual knowledge of its Sunshine Law obligations.” Id. Stroke further found that “Robinwood’s decision to withhold the requested docu *200 ments ... to avoid potential contractual liability amounts to ‘purposely[1] violating the Sunshine Law as part of a ‘conscious design, intent, or plan’ to violate the law ... ‘with awareness of the probable consequences.’” Id.
This Court reaffirms its statement in Strake that a knowing violation requires that the public governmental body had actual knowledge that the Sunshine Law required production but did not produce the document. A purposeful violation involves proof of intent to defy the law or achieve further some purpose by violating the law, such as Robinwood’s plan to avoid liability for breach of contract.
The dissenting opinions suggest that this holding is in error and that this Court should discard the definition of a knowing violation that it reaffirmed in Strake just last year. Judge Fischer’s dissent suggests that nothing in the statute requires knowledge that the failure to produce a report violates the Sunshine Law and that this Court should utilize a dictionary definition of knowing conduct instead. By contrast, Judge Wilson’s dissent suggests that this Court should substitute the definition of “knowing” used in the criminal statutes and points out that one can be guilty of knowingly violating a criminal law without proof that one knew that one’s conduct violated that law. His dissent says the same should be true for imposing monetary penalties under the Sunshine Law.
Certainly the legislature could adopt a statute that fit the molds advocated for by either of the dissents. But it has not done so yet. The question before the Court is not whether proof of a Sunshine Law violation requires proof that the party knew it was violating the Sunshine Law. It is well-settled that no such requirement exists to prove a Sunshine Law violation.
But, in the case before us, the question is the separate one of whether a penalty in the form of attorney’s fees and costs must or should be awarded as a result of a Sunshine Law violation. To answer that question, the legislature set out a different standard. Judge Fischer’s dissent is incorrect that the statute leaves us without guidance as to what the alleged violator must know in order to be liable for attorney’s fees. The legislature was quite specific — to obtain a penalty, one must do more than prove that one knew that one did not produce a particular document. Section 610.027.3 permits the award of attorney’s fees only “[u]pon a finding by a preponderance of the evidence that a public governmental body or a member of a public governmental body has knowingly violated sections 610.010 to 610.026.” (Emphasis added). Judge Wilson’s dissent is incorrect that the legislature thereby intended to allow the penalty of attorney’s fees to be awarded upon the same showing of “knowledge” of one’s actions as is sufficient in criminal cases. The legislature allowed such fees to be awarded based on proof by a preponderance of the evidence, a lesser standard than that required by the criminal law. It balances this lesser standard of proof, however, by expressly predicating liability on a finding of something more than merely showing one knew what one was doing; it requires proof that the alleged violator knew that the conduct in question violated the Sunshine Law. The dissents’ arguments for a different standard are better directed at the legislature, not this Court.

B. Trial court did not err in finding the city’s violation did not knowingly or purposely violate Sunshine Law

Substantial evidence in the record supports the trial court’s finding that the city did not knowingly or purposely violate the Sunshine Law, and that finding is not *201 against the weight of the evidence. As Plaintiffs note, they introduced evidence that the internal affairs report was a criminal investigation because it was investigating conduct that appeared to violate federal law. Further, Plaintiffs emphasize, the trial court found following its en camera review of the report that the city’s description of the report as merely a personnel report was “wholly inaccurate.” They note that in Guyer v. Kirkwood, 38 S.W.3d 412, 415 (Mo. banc 2001), the Court found that, when a citizen complaint alleges criminal conduct by an officer, “it should be presumed that such alleged criminal conduct was the subject of the investigation, and the report generated by the investigation must be disclosed.” (Emphasis added).
But, here, the question is not whether the city violated the Sunshine Law in failing to produce the report but rather whether that violation was knowing or purposeful. Had the finding that reliance on the personnel exemption was wholly inaccurate been dispositive of that issue, there would have been no need for an evidentia-ry hearing. But the trial court did hold such a hearing, for it believed, correctly, that a question of fact existed as to whether the city’s reliance on the exemption was knowing or purposeful, or was merely wrong.
At that hearing, the city offered evidence that it thought the internal affairs investigation involved a personal dispute between employees and not a criminal investigation, that the investigation was conducted to determine the employees’ fitness to perform their duties, and that the city had been advised by its attorney and believed the internal affairs report along with all other requested related records were exempt from disclosure because they were records of disciplinary action and personnel matters. The internal affairs report was the only record that the trial court ordered be disclosed following the en camera review, showing that the city’s belief was not unreasonable as to most of the requested records. The city’s letter responding to Plaintiffs’ request for the internal affairs report supports its claim that the city’s counsel advised the city that the report was a closed personnel record, in contrast to the defendant’s counsel in Stroke, who advised the requested records were open records. 473 S.W.3d at 646.
As Plaintiffs note, reliance on counsel is not in itself a defense where, as here, no suit has been brought to determine whether the city could close the report and no request was made for a formal opinion from the attorney general or city attorney as permitted by section 610.027.6. But that does not make such reliance irrelevant to the determination of the city’s state of mind. The trial court might have agreed with Plaintiffs that the city was stonewalling and was using its attorney’s letter and advice as a way to avoid the Sunshine Law. But that is not what the trial court found. The trial court’s prior interlocutory ruling requiring the production of the report and finding that the city was wholly inaccurate in characterizing the record as only a personnel report is not inconsistent with its later finding, after an evidentiary hearing, that the violation was neither knowing nor purposeful — being wrong is not the same as knowing one is violating the law or acting purposely to violate the law. See Spradlin, 982 S.W.2d at 260, 263; R.L. Polk, 309 S.W.3d at 886-87.
Indeed, the trial court itself first held all the records were exempt from disclosure, including the report, until after it reviewed the documents en camera following the first appeal and remand. It then considered all of the evidence and determined that, considered in full, the *202 evidence did not support a finding of a knowing or purposeful violation. Apparently, the dissenting opinions would have this Court substitute its judgment for that of the trial court and hold that the evidence supports a knowing or purposeful violation. The question before this Court, however, is not whether the evidence could support such -a showing but whether .the trial court committed reversible error - in weighing the 'evidence, making credibility determinations, and determining to the contrary. “When the evidence supports two reasonable but different inferences, this Court.,js obligated to defer to the circuit court’s assessment of the evidence.” Blanchette v. Blanchette, 476 S.W.3d 273, 278 n. 1 (Mo. banc 2015). Substantial evidence supported the trial court’s ruling, and it was not against the weight of the evidence. This Court, under its standard of review, therefore must affirm.

TV. CONCLUSION

For the reasons set out above, the trial court did not. err in entering judgment against Plaintiffs on the question of civil penalties and. attorney’s fees. The judgment is affirmed..
Breekenridge, C.J., Draper, Teitelman and Russell, JJ., concur; Fischer, J., dissents in separate opinion filed; Wilson, J., dissents in separate opinion filed.

. All statutory references are to RSMo Supp. 2013 unless otherwise stated.

. Although the city sought its counsel’s legal advice and counsel wrote to Plaintiffs in response to their request to explain the city’s belief that certain documents were not subject to disclosure, the city did not file suit seeking a judicial interpretation of its obligations under the Sunshine Law, nór did they seek a formal attorney general or city attorney opinion as permitted by section 610.027.6.

. Section 610.100.5 allows a plaintiff to petition for disclosure of an investigative report, “which would otherwise be closed pursuant to this section!,]” and permits attorney’s fees if the decision not to open the report is "substantially unjustified.” Section 610.027 provides remedies in an action to enforce the Sunshine Law requirements of sections 610.010 to 610.026 “in addition to those [remedies] provided by any other provision of law.” It provides that “[u]pon a finding ... that a public governmental body ... has knowingly violated sections 610.010 to 610.026, the public governmental body ,.. shall be subject to a civil penalty in an amount up to one thousand dollars.... the court may order the payment by such body or member of all costs and reasonable attorney fees.... Upon a finding ... that a public governmental body ... has purposely violated sections 610.010 to 610.026, the public governmental body ... shall be subject to a civil penalty in an amount up to five thousand dollars.... the court shall order the payment by such body or member of all costs and reasonable attorney fees_" §§ 610.027.3-.027.4.

. See also American Family Mut. Ins. Co. v. Pacchetti, 808 S.W.2d 369, 371 (Mo. banc 1991) (what an insured expected or intended is a question of fact); Watson v. Landvatter, 517 S.W.2d 117, 121-22 (Mo. banc 1974) (intention of a testator is a factual question).

. The Sunshine Law’s definition of "knowing”, therefore, varies from the definition of that word used in Missouri criminal statutes, which says “a person ‘acts knowingly’ ... when he is aware of the nature of the conduct or that those [attendant] circumstances exist or ... when he is aware that his conduct is practically certain to cause that result” of his conduct. § 562.016. See also § 191.-900 (definition of knowingly in "Health Care Payment Fraud and Abuse” statute); § 197.500 (definition of knowingly in “Employee Disqualification List” statute),

. Statutory references are to RSMo Noncum, Supp.2014, unless otherwise indicated.