

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| BENJAMIN J. SMITH, | ) | No. ED111779 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | Cause No. 23SL-CC00456 |
| | ) | |
| MSHP CRIMINAL RECORDS | ) | Honorable Matthew H. Hearne |
| REPOSITORY ET AL, | ) | |
| | ) | |
| Respondents. | ) | Filed: May 7, 2024 |

Benjamin Smith appeals the circuit court's judgment expunging one of his criminal convictions and refusing to expunge an additional conviction. Smith claims both convictions were part of the same course of criminal conduct and eligible to be expunged pursuant to § 610.140, RSMo Supp. 2021.[1] The circuit court's judgment is affirmed.

## Background

Smith filed a petition in January 2023, seeking expungement of multiple felony offenses from two criminal convictions in St. Louis County. Smith asserted that he was eligible to have both cases expunged because they were part of the same course of criminal conduct as required by § 610.140.1. In his first conviction, case number 2102R-04727-01, the State charged Smith with second-degree felony burglary and felony stealing on August 14, 2002, at Parkway West

---

[1] All statutory references are to RSMo Supp. 2021.

High School. Smith pleaded guilty. The circuit court suspended the imposition of his sentence and placed him on probation for five years.

In his second conviction, case number 2102R-04906-01, the State charged Smith with second-degree felony burglary and felony receiving stolen property on August 24, 2002, at Parkway West Middle School. After the State dismissed the receiving stolen property charge, Smith entered an *Alford* plea on the burglary charge.[2] The circuit court suspended the imposition of his sentence and placed him on probation for five years.

After Smith filed the underlying expungement petition, the St. Louis County Prosecutor filed a motion to dismiss. The Prosecutor argued Smith could have only one of his convictions expunged because his underlying acts were not part of the same course of criminal conduct. The circuit court held a hearing and issued its final judgment, expunging the first conviction only. Smith appeals.

## Standard of Review

This Court will affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "All evidence and reasonable inferences from the evidence are viewed in the light most favorable to the circuit court's judgment." *Singleton v. Singleton*, 659 S.W.3d 336, 341 (Mo. banc 2023).

---

[2] An *Alford* plea allows a defendant to plead guilty and accept a criminal punishment without admitting to committing the acts of the offense. *North Carolina v. Alford,* 400 U.S. 25, 37, 91 S. Ct. 160, 27 L.Ed.2d 162 (1970).

**Analysis**

Under § 610.140.1, a person, who has been found guilty of certain criminal offenses, may seek to expunge records of "arrest, plea, trial, or conviction." A person is limited to not "more than two misdemeanor offenses or ordinance violations … and [n]ot more than one felony offense." Section 610.140.12. However, "[i]f the offenses, violations, or infractions were charged as counts in the same indictment or information or were committed as part of the same course of criminal conduct, the person may include all the related offenses, violations, and infractions in the petition," despite the limitation in § 610.140.12. Section 610.140.1.

Smith raises three points on appeal, each focusing on the circuit court's failure to find that Smith's multiple convictions arose from the same course of criminal conduct. First, Smith argues that the circuit court's judgment was against the weight of the evidence because the court did not find that his offenses were part of the same course of criminal conduct. Second, Smith argues that the court misapplied the law because it used an incorrect definition of course of criminal conduct. Third, Smith argues that the State failed to meet its burden to rebut the presumption of expungement because it failed to present evidence that the offenses were not part of the same course of criminal conduct. Although Smith raises his arguments in separate points, this Court will address these arguments together.

The logical starting point for the analysis is with the definition of "course of criminal conduct." As this Court has recently noted, this phrase is left undefined by § 610.140. *N.M.C. v. Missouri State Highway Patrol Criminal Records Repository*, 661 S.W.3d 18 (Mo. App. 2023). As a result, in *N.M.C.*, this Court looked to a similar phrase, "continuing course of criminal conduct," as that phrase is used in the analysis of double jeopardy violations. Smith claims the circuit court incorrectly relied on *N.M.C.* to conclude his two convictions were not part of the

3

same course of criminal conduct. Smith argues *N.M.C.*'s reliance on the double jeopardy analysis in *State v. Barber*, 37 S.W.3d 400 (Mo. App. 2001), to aid in determining whether multiple convictions are part of the same course of criminal conduct was incorrect. Although this Court notes that *N.M.C.* relied only partially on the double jeopardy analysis and correctly decided the issue before it, we do caution against a strict adherence to double jeopardy concepts in the expungement analysis.

The primary issue with using double jeopardy concepts in the expungement context is that these analyses serve different purposes. The double jeopardy clause provides constitutional limitations on prosecutorial authority by affording "a criminal defendant two basic protections: 'it protects defendants from successive prosecutions for the same offense after acquittal or conviction and it protects defendants against multiple punishments for the same offense.'" *State v. Andrews*, 643 S.W.3d 497, 499 (Mo. banc 2022) (quoting *State v. Hardin*, 429 S.W.3d 417, 421 (Mo. banc 2014)). In contrast, expungements serve a remedial purpose. *S.E.M. v. St. Louis County*, 590 S.W.3d 378, 381 (Mo. App. 2019). They are designed to allow an individual to remove convictions from their record when expungement is "consistent with the public welfare and the interests of justice warrant expungement." Section 614.410.5(6).

When examining a "continuing course of criminal conduct" in the double jeopardy analysis, the aim is to determine whether the defendant committed separately punishable offenses. As a result, as discussed in *N.M.C.*, questions regarding whether the offenses are based on different acts or on a separate mental state are vitally important in determining whether multiple actions should be considered one offense. 661 S.W.3d at 25. But the question asked by § 614.410 is different. The expungement statute asks whether multiple offenses were committed as a result of the same course of conduct, thereby warranting expungement of all offenses. This

4

determination should be guided by the plain language of § 610.140. *See Parktown Imports, Inc. v. Audi of Am., Inc.*, 278 S.W.3d 670, 672 (Mo. banc 2009).

Here, although Smith argues that the circuit court used *N.M.C.* in its determination that his multiple offenses were not part of the same course of criminal conduct, the circuit court's judgment does not reference *N.M.C.* nor does it engage in a double jeopardy analysis. This Court only reviews a circuit court's final judgment. Section 512.020(5); Rule 74.01(a). A circuit court's judgment "will be affirmed unless … it erroneously declares or applies the law." *Murphy*, 536 S.W.2d at 32. Accordingly, because there is no indication that the circuit court used the double jeopardy analysis in its determination, Smith has not demonstrated that the circuit court erroneously declared or applied the law.

We next turn to Smith's two challenges to the circuit court's factual determinations. Smith claims the circuit court erred in determining his two convictions did not occur as part of the same course of criminal conduct because its ruling was against the weight of the evidence. A circuit court's "judgment is against the weight of the evidence only if the circuit court could not have reasonably found, from the record at trial, the existence of a fact that is necessary to sustain the judgment." *Wilmoth v. Dir. of Revenue*, 669 S.W.3d 102, 115 (Mo. banc 2023) (quoting *Laut v. City of Arnold*, 491 S.W.3d 191, 197 (Mo. banc 2016)). "When reviewing the record in an against-the-weight-of-the-evidence challenge, this Court defers to the circuit court's findings of fact when the factual issues are contested and when the facts as found by the circuit court depend on credibility determinations." *Ivie v. Smith*, 439 S.W.3d 189, 206 (Mo. banc 2014). "When the evidence poses two reasonable but different conclusions, appellate courts must defer to the circuit court's assessment of that evidence." *Id*.

5

At the expungement hearing, Smith testified he believed all of the felony offenses from his two convictions qualified for expungement because they were part of the same course of criminal conduct. Smith testified all of the offenses stemmed from his illegal conduct on two occasions ten days apart at properties owned by the Parkway School District. Smith explained that due to the medication he was taking, he was unable to sleep for long periods of time and the events felt as if they occurred on the same day. Further, Smith testified he had the same attorney for both cases, pleaded guilty on the same day, and received a global resolution to both cases.[3] Smith stated due to his mental health issues, he was placed on the mental health caseload.

Smith failed to demonstrate his actions "were committed as part of the same course of *criminal* conduct." Section 610.140.1 (Emphasis added). While Smith pleaded guilty in each case and the circuit court sentenced him on the same day, the judicial economy of accepting two pleas in separate cases from the same defendant on the same day is irrelevant to the distinct question of whether his commission of separate offenses at two locations and ten days apart was the "same course of criminal conduct" for purposes of § 610.140.1. The same is true for any "global resolution" of the separate incidents. The analysis of whether a defendant's offenses constitute a course of criminal conduct focuses on the defendant's actions leading up to the charges. The handling and disposition of separately charged offenses has no bearing on whether those offenses are part of the same course of criminal conduct.

The circuit court "is free to believe all, some, or none of the evidence offered to prove a contested fact, and the appellate court will not re-find facts based on credibility determinations through its own perspective." *Trustees of Clayton Terrace Subdivision v. 6 Clayton Terrace*,

---

[3] Smith's only support for this assertion of a "global resolution" is his testimony at the expungement hearing.

LLC, 585 S.W.3d 269, 277 (Mo. banc 2019) (quoting *Ivie*, 439 S.W.3d at 206). As a result, Smith has failed to demonstrate the circuit court's judgment is against the weight of the evidence.

Finally, this Court also rejects Smith's claim that the circuit court erred in determining his two convictions were not part of the same course of criminal conduct because the State failed to meet its burden of rebutting the presumption that expungement was warranted. This presumption is created by § 614.410(5), which states, effectively, that a properly pleaded expungement petition creates a rebuttable presumption that expungement is warranted. The prosecuting attorney, or other appropriate office, may then rebut the presumption. For the reasons set forth above, the circuit court did not err in finding that the presumption was rebutted. The evidence supports the circuit court's finding that the offenses were not part of the same course of criminal conduct. As a result, the circuit court did not err in refusing to expunge Smith's second conviction.

### Conclusion

The circuit court's judgment is affirmed.

_____
John P. Torbitzky, P.J.

James M. Dowd, J., and
Michael S. Wright, J. concur.

7