# TILLIE A. FEZLER, Respondent, v. R. B. GIBSON, Appellant.

St. Louis Court of Appeals. Submitted On Briefs April 6, 1914. Opinion Filed May 5, 1914.

1. **JUSTICES' COURTS: Trespass: Sufficiency of Statement.** A statement filed in a justice's court, alleging that plaintiff was the owner of a certain lot, that defendant entered thereon and committed a trespass by digging up and carrying away an ornamental hedge of a specified value, that the entry of defendant was without plaintiff's knowledge or consent, and that defendant had "no interest or right to the hedge," states a cause of action for treble damages under Sec. 5448, R. S. 1909, although it does not strictly follow the language of the statute, in that it does not state that defendant had no interest in the land.

2. ———: ———: ———: **Waiver of Defects.** In an action for treble damages for trespass, under Sec. 5448, R. S. 1909, where a statement, filed in a justice's court, did not strictly follow the language of the statute, in that it did not state that defendant had no interest in the land upon which the trespass was committed, *held* that such defect, if any, was waived by reason of the failure of defendant to object to the statement on that ground, on the trial of the case in the circuit court on appeal, and by reason of the fact that one of the issues litigated at such trial was the question of ownership of the land.

3. **TRIAL PRACTICE: Order of Proof: Reopening Case.** It is entirely in the discretion of the trial court to allow the case to be reopened, after it has been closed, to receive additional testimony.

4. **BOUNDARIES: Evidence.** In an action for trespass, it was proper to permit a witness to base his testimony on measurements made by him along the boundary line between two tracts of land, where such boundary was marked by crosses made by the city surveyor and it was open to any one, seeing those marks, to draw a line between them and testify upon which side of the line the trespass was committed.

5. **APPELLATE PRACTICE: Conclusiveness of Finding.** In an action at law, where no declarations of law are asked or given and the court is not requested to state its finding of facts and conclusions of law thereon, a statement by the court of facts found, while not a finding under Sec. 1972, R. S. 1909, is nevertheless as binding upon the appellate court as a general finding would be, provided it is supported by substantial testimony.

6. **ACTIONS: Civil and Criminal Liability.** The fact that an act complained of may be punished criminally does not exclude the party injured from recovering damages for such injury.

7. **TRESPASS: Treble Damages: "Plant" Defined.** The word "plant," as used in Sec. 5448, R. S. 1909, authorizing a recovery of treble damages for digging up and carrying away roots, fruits or plants, is used in its generic sense and covers any and all plants, including an ornamental hedge.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

AFFIRMED.

*Wm. F. Smith* for appellant.

*William S. Cambell* for respondent.

REYNOLDS, P. J.—Plaintiff, respondent here, commenced her action before a justice of the peace against the defendant Gibson and a Mrs. Moses, the petition or statement filed with the justice alleging that plaintiff, being the owner of a certain lot of ground situated in the city of St. Louis, the defendants afterwards entered upon the premises and committed a trespass thereon by digging up and carrying away therefrom a large number of ornamental hedge plants of the reasonable value of $150, as it is alleged; that the entry of defendants on the premises of plaintiff was without her knowledge or consent and that by the acts of trespass she had been damaged in the sum of $150, and that at the time the hedge was so dug up and carried away, defendants had no interest or right to the hedge so dug up and carried away from the land of plaintiff. Treble damages are claimed. There was no written answer filed before the justice. Service not having been had on Mrs. Moses and she not appearing, the case was dismissed as to her and proceeded against Gibson alone. Plaintiff had judg-

ment from which the defendant Gibson appealed to the circuit court. There, on a trial before the court, a jury having been waived, the court found for plaintiff, setting out that he found that on or about December 1, 1909, plaintiff owned and was in possession of the real estate, describing it, and that the defendant Gibson afterwards entered upon it and committed a trespass thereon, either in person or through his agents, by cutting down, destroying and carrying away from the premises a large number of ornamental plants of the value of $100, and that at that time defendant did not have any cause or reason to believe that the land on which he committed the trespass was his own, or that he had any interest therein, or that the hedge so cut down, destroyed and carried away by him, or by his direction, was his own, or that he had any interest therein; and that by reason thereof plaintiff was entitled to treble damages. Judgment followed accordingly for $300. Filing a motion for new trial and in arrest of judgment, defendant Gibson duly perfected his appeal to this court.

His counsel make ten assignments of error. First, that the court erred in overruling the motion of defendant, made at the opening of the case, to elect and announce whether she would proceed with the cause as a common law action of trespass or as a trespass under the statute.

The second, third and fourth errors assigned are to the admission of certain evidence, among that, the testimony of a real estate agent as to the difference in value of the premises with and without the hedge, it being claimed that the witness was not qualified.

Fifth, that the court erred in allowing plaintiff to recall a witness after plaintiff had closed her case, and in allowing that witness to base his testimony on measurements he had made.

Sixth, error of the court in refusing a declaration of law asked by defendant at the close of plaintiff's

case, to the effect that under the pleadings, issues and evidence plaintiff could not recover.

Seventh, that the court had erred in refusing to require plaintiff, upon the submission of the case, to make her election as to whether she had submitted her case on the theory that she was proceeding under the statute for treble damages or for a common law trespass.

Eighth, that the findings of fact of the court were not supported or warranted by the evidence; that some of the facts found were apart from and outside of the issues in the case; that the finding on other evidence and facts was erroneous; that the conclusions of law applicable and appropriate to the controlling facts were erroneous; that it was erroneous to enter judgment against defendant and his surety on the appeal bond for $300, being treble the damages erroneously found and assessed by the court; that the finding of facts did not embrace all the probative facts, or the requisite facts, necessary to a proper determination of the case and includes facts not relevant to the issues of the case nor material to its proper determination.

Ninth and tenth, to the error of the court in over-ruling the motions for new trial and in arrest.

Without going into an examination of these assignments of error in detail, or undertaking to review the authorities cited by the learned counsel for appellant in his very elaborate brief, it is sufficient to say that a very careful reading of all the proceedings in the case, as contained in the abstract prepared by that learned counsel, fails to satisfy us that there is any reversible error present.

We confess to not quite appreciating the point made by the learned counsel for appellant that plaintiff should have been required to announce at the beginning of the case and at its conclusion upon what theory she expected to recover, whether as on a common law action or as one under the statute. It is very

evident that the petition or statement which was filed with the justice counts upon a claim for damages for trespass to realty and is founded on section 5448, Revised Statutes 1909. The statute, section 5448 provides: "If any person shall cut down, injure or destroy or carry away . . . any roots, fruits or plants, . . . in which he has no interest or right, standing, lying or being on land not his own, . . . the person so offending shall pay to the party injured treble the value of the thing so injured, broken, or carried away, with costs." The statement or petition charges that defendants had no interest in or right to the hedge so taken up and carried away by them from the land of the plaintiff, and in this it does not strictly follow the language of the statute, that is, it does not state that defendants had no interest in the land; but this was a statement filed before a justice of the peace, where the same nicety of pleading is not required as in the circuit court. No objection was made in the circuit court to the statement upon this ground and the case was tried on the question of ownership of the land upon which the hedge had been located. So that whatever defect there may have been in this statement, as far as this point is concerned, it was waived.

This covers the first and seventh assignments.

We see no error in the admission of the testimony complained of in the second, third and fourth assignments. We say this after a careful reading of all of it and examination of the rulings of the learned trial court in passing upon it.

The fifth assignment made by counsel for defendant, as to the court allowing a witness to be recalled for further examination by counsel for plaintiff after that witness had been excused, is not well taken. The record, or the abstract of it as furnished us by counsel himself, fails to show that the witness referred to was recalled after plaintiff had closed her case; it is true that he was recalled and examined on matters not cov-

ered when he was first on the stand but the record does not show that plaintiff had then closed. Even if that was so, it was entirely in the discretion of the court to allow the case to be reopened, assuming that was done. Nor do we find any error in the action of the court in allowing this witness to base his testimony on measurements he had himself made on the ground and along the boundary between the two lots. That boundary had been marked by crosses by city surveyors and it was open to anyone seeing those marks, to draw a line between them and testify upon which side of the line the hedge which was destroyed by defendant Gibson had been in place.

It is impossible, reading over the testimony in the case, to sustain the point that the declaration of law asked by defendant at the close of plaintiff's case, to the effect that under the pleadings, issues and evidence plaintiff could not recover, should have been given. Plaintiff had, up to that time, and by her testimony in chief, given substantial evidence in support of facts necessary to her recovery.

No declarations of law were asked by either party, nor given by the court, nor was the court asked by either party to make a finding of fact and his conclusions of law thereon under the statute. It is true that the court embodied in his finding a statement of facts found, but while this was not a finding under the statute, it is binding upon us as would be a general finding, if supported by substantial testimony. It covers all of the facts in issue upon the establishment of which plaintiff was entitled to recover.

In his argument of the case, learned counsel for appellant cites us to the sections of the statute making it an offense punishable by indictment or information to cut down or destroy hedges, referring to sections 4600, 4794, and other sections of the criminal code relating to miscellaneous offenses in which the term "hedges" is used, and he argues that on the rule

of construction of statutes *in pari materia,* we are to look to those sections, in conjunction with section 5448; that as section 5448 does not contain the word "hedges," but merely the word "plants," that hedges are not included within section 5448; that if the Legislature had desired to cover hedges by this section, it would have used that term in it. We are unable to agree to this. In the first place, the fact that the act complained of may be punished criminally, as by sections 4600 and the like, does not exclude a party injured from recovering damages for his own injury. In the next place, our construction of the word "plants," as used in section 5448, is that the term "plants" is used in its generic sense, and covers any and all plants. The hedge here in evidence was composed of plants, is made up of a number of them. The hedge itself, composed of plants springing from roots in the ground, is as completely covered by the word "plants," as was held by the Supreme Court in Henry v. Lowe, 73 Mo. 96, l. c. 99, coal was included and covered under the general name "mineral" in the same section. There it is said that "coal is a well known mineral of great value." It is just as well known that hedges are composed of a multitude of plants, as in the Osage orange hedge sometimes taking the size of trees. We have no question that the term "plants," as used in section 5448, covers and protects these hedges from the acts of the despoiler.

It follows that the motions for new trial and in arrest were properly overruled.

Finding no reversible error, the judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.,* concur.