Stephen **WAMPLER** and Pamela **Wampler, Plaintiffs-Respondents,**

v.

Fred **MUELLER** and Patricia Mueller, **Defendants-Appellants.**

No. 43498.

Missouri Court of Appeals, Eastern District, Division Three.

July 21, 1981.

Lawrence Hartstein, St. Louis, for defendants-appellants.

Austin Knetzger, Kirkwood, for plaintiffs-respondents.

REINHARD, Judge.

Plaintiffs sued defendants for fraudulent misrepresentation in the sale of a dishwasher. The case was tried to the court without a jury and judgment was rendered for plaintiffs in the amount of $350. Defendants appeal.

The evidence produced at trial reveals that plaintiffs, Mr. and Mrs. Wampler, were interested in purchasing defendants', Mr. and Mrs. Mueller, house. The dishwasher was to go with the house. Mrs. Wampler testified that upon inspection of the house she noticed that there were unwashed

dishes in the sink and that there was a portable dishwasher in the kitchen. Mrs. Wampler asked Mrs. Mueller whether "the dishwasher worked okay" and Mrs. Mueller replied that "it worked just fine." Mrs. Mueller did not deny her reply stating that she had no indication that the dishwasher was not in working order having last used the dishwasher a month before the house was sold to plaintiffs. Plaintiffs subsequently purchased defendants' house and upon moving in discovered that the dishwasher did not work. Plaintiffs' witness, who had some electrical and plumbing experience, was present when plaintiffs first attempted to use the dishwasher. He testified that he believed the motor was burned out and observed that the liner was cracked.

In order to establish a submissible case of fraud, plaintiffs had to show the following elements:

(1) a false, material representation;

(2) the speaker's knowledge of its falsity or his ignorance of its truth;

(3) the speaker's intent that it should be acted upon by the hearer in the manner contemplated;

(4) the hearer's ignorance of falsity of the statement;

(5) the hearer's reliance on its truth and the right to rely thereon; and

(6) proximate injury.

*Huttegger v. Davis*, 599 S.W.2d 506, 511 (Mo.banc 1980). The failure to establish any one of these elements is fatal to recovery. *Twiggs v. National Old Line Ins. Co.*, 581 S.W.2d 877, 880 (Mo.App.1979).

Defendants raise several points of error, one of which requires a reversal. One of the elements required to be proved in a fraud case is the speaker's knowledge of the falsity or ignorance of the truth of the representation. Plaintiffs' evidence falls short on this element. We have reached this conclusion after reviewing the evidence in the light most favorable to the plaintiffs giving them the benefit of all reasonable inferences, and disregarding defendants' evidence except as it aids plain-

tiffs' case. *Beck v. Modern Am. Life Ins. Co.*, 589 S.W.2d 98 (Mo.App.1979).

Plaintiffs' evidence on this issue was that sometime before the sale of the house (time not stated), Mrs. Mueller said the dishwasher "worked just fine." At that time Mrs. Wampler noticed dirty dishes in the sink. We believe the evidence that there were dirty dishes in the sink is insufficient to infer that the dishwasher was not working at the time the representation was made.

Although this case originated in the small claims court, the elements to be proved in a fraud case remain the same and on appeal from a trial de novo in the circuit court our standard of review is the same as in other court tried cases. *Guess v. Lorenz*, 612 S.W.2d 831 (Mo.App.1981). The judgment here is not supported by substantial evidence. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

Accordingly, the judgment in favor of plaintiffs is reversed and the cause remanded with directions to enter judgment for defendants.

CRIST and SNYDER, JJ., concur.