**Kelvin WARD, Appellant,**

v.

**The KANSAS CITY SOUTHERN RAILWAY COMPANY,**
**Respondent.**

**No. WD 63942.**

Missouri Court of Appeals,
Western District.

Dec. 14, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 1, 2005.

Application for Transfer Denied April 5, 2005.

Steven Lee Groves, St. Louis, MO, for Appellant.

Bradley S. Russell, Overland Park, KS, for Respondent.

PAUL M. SPINDEN, Judge.

Kelvin Ward filed a claim under the Federal Employer's Liability Act (FELA) against his employer, Kansas City Southern Railway, for injuries that he sustained as a passenger in a van hired by KCS. A car driven by Gretchen Roberdes crashed into the rear of the van. Ward proved that KCS was partly at fault for his injuries because protective devices were not in place, and this allowed items in the van's rear to slam into Ward's seat, injuring him. In defending against Ward's claim, KCS offered evidence that Roberdes was intoxicated. The circuit court overruled Ward's objection to the evidence of Roberdes' intoxication, and Ward appeals on the ground that the evidence was wrongful and prejudiced his claim. We agree and remand the case to the circuit court for retrial of the proper amount of damages.

Employers, such as KCS, who are subject to FELA have a duty to provide a reasonably safe work place. *Giddens v. Kansas City Southern Railway Company*, 29 S.W.3d 813, 818 (Mo. banc 2000). An injured railroad employee can recover all of his or her damages from the employer if the employer's negligence caused any part of the employee's injury. *Norfolk and Western Railway Company v. Ayers*, 538 U.S. 135, 141, 123 S.Ct. 1210, 155 L.Ed.2d 261 (2003). Any evidence, therefore, whose only relevance is to apportion culpability between the employer and other causes is improper. *Id.* at 159–60, 123 S.Ct. 1210.

We accord the circuit court broad discretion in admitting evidence, but only relevant evidence is admissible. *Gomez v. Construction Design, Inc.*, 126 S.W.3d 366, 373–74 (Mo. banc 2004). "The test for relevancy is whether an offered fact tends to prove or disprove a fact in issue or corroborates other relevant evidence." *Brown v. Hamid*, 856 S.W.2d 51, 56 (Mo. banc 1993).

Had Roberdes been a witness, her intoxication perhaps would have been relevant because alcohol affects an individual's ability to perceive. *Rodriguez v. Suzuki Motor Corporation*, 936 S.W.2d 104, 106 (Mo. banc 1996). But Roberdes was not a witness. The only apparent relevance of her intoxication was to explain why she crashed her car into the van. Because Ward's claim was that KCS was partly at fault for his injuries as a result of its not having protective equipment in place, what caused Roberdes to crash her car into the van was not relevant.

The principal reason why KCS wanted to inform the jury of Roberdes' intoxication became apparent during closing arguments. KCS hammered on Roberdes' drunk driving, mentioning it more than a dozen times. It declared that Roberdes was "smashed that night," "incredibly intoxicated," "incredibly negligent," and "horribly irresponsible." KCS went so far as to suggest that Roberdes, instead of it, "should be sitting here." KCS' purpose seems apparent: to use Roberdes' drunk driving to inflame the jury toward her and away from KCS.

Evidence of Roberdes' intoxication would have been relevant only had KCS contended that Roberdes' negligence superseded its own. It might have had probative value, for example, had KCS argued that Roberdes' car hit the van with such force that Ward would have been injured even if safety equipment were in place. KCS did not contend that Roberdes' crash was a superseding cause. Given KCS' theory of the case, the reason why Roberdes' car crashed into the van was immaterial. It had no significance on the central issue

of the case of whether or not KCS was partly at fault for Ward's injuries.

 Not all error, however, requires reversal of a judgment. To justify reversing the circuit court's judgment, the error must be prejudicial. *E.g., Coats v. Hickman,* 11 S.W.3d 798, 807 (Mo.App.1999). "Prejudice occurs when the error committed by the trial court materially affects the merits of the action, the result, or the outcome of the trial." *State ex rel. Department of Social Services v. Maher,* 976 S.W.2d 75, 81 (Mo.App.1998).

Although Ward endeavored to establish prejudice by showing that the jury's award was less than his medical expenses, we presume prejudice in this case. Long ago, this court's Eastern District explained, "Irrelevant testimony is excluded because such evidence tends to draw the minds of the jurors away from the point at issue and misleads [the jurors.]" *Luechtefeld v. Marglous,* 151 S.W.2d 710, 713 (1941). We presume that erroneously admitting any evidence whose only purpose was to mislead jurors was prejudicial.

For these reasons, we reverse the circuit court's judgment. We remand the case for a new trial on damages.

RONALD R. HOLLIGER, Presiding Judge, and JOSEPH M. ELLIS, Judge, concur.