INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, Local Union No. 814, Appellant–Respondent,

v.

Anthony MONSEES, Respondent.

Nos. WD 72269, WD 72298.

Missouri Court of Appeals, Western District.

March 15, 2011.

Robert W. Russell, Sedalia, MO, for Appellant–Respondent

Daniel Baker, Sedalia, MO, for Respondent–Appellant

Before Division Two: KAREN KING MITCHELL, Presiding Judge, JOSEPH M. ELLIS, Judge and VICTOR C. HOWARD, Judge.

JOSEPH M. ELLIS, Judge.

The International Brotherhood of Electrical Workers Local Union No. 814 ("the Union") appeals from a judgment entered against Anthony Monsees for the tortious removal of a sign maintained by the Union. The jury awarded the Union $15,000.00 in actual damages but the Union contends that it was entitled to statutorily enhanced damages or to submit the issue of punitive damages to the jury. Monsees cross-appeals, contending that the trial court erred in failing to enter a directed verdict against the Union because the evidence was not sufficient to establish trespass.

Monsees owns a building located on Broadway[1] in Sedalia, Missouri, that he purchased from George Thompson in 2001. Monsees operates a Caldwell Banker real estate business from that building.

The Union owns the building immediately behind Monsees' from Broadway which it purchased in 1998. When the Union purchased that property, likewise from George Thompson, they also paid for the right to use a five foot by ten foot illuminated sign located just off of Broadway on a piece of neighboring property, which is now owned by Broadway Lanes. The Union immediately began using that sign, which had been utilized by previous tenants of the building the Union purchased. The wiring for the sign was attached to the Union's building, and the Union paid the electrical bills for lighting the sign. The Union also provided all of the maintenance for the sign.

In 2005, Monsees approached the Union about tearing down the Union's sign and replacing it with a new Caldwell Banker seven foot by ten foot sign. Monsees offered to allow the Union to place a one and a half foot by ten foot sign underneath. The Union refused Monsees' repeated proposals related to the sign.

On June 25, 2006, Impact Sign and Lighting, at the direction of Monsees, removed the Union's sign and erected a new Caldwell Banker sign a few feet away on Monsees' property. One of the Union's panel's from the sign was broken in the process.

On October 10, 2006, the Union filed a petition for damages against Monsees in the Circuit Court of Pettis County, asserting claims of common law trespass, statutory trespass, and conversion. The case was eventually tried to a jury on December 15 and 16, 2009. The jury returned a verdict against Monsees for trespass and assessed actual damages at $15,000.00. The trial court denied the Union's request to submit the issue of punitive damages to the jury and its request for treble damages pursuant to § 537.340.1.

---

1. Broadway is also known as Highway 50.

The Union appeals, challenging the trial court's refusal to submit punitive damages to the jury or to award treble damages. Monsees cross-appeals contending that the trial court erred in failing to enter a directed verdict against the Union because the evidence was not sufficient to establish trespass. Because of the nature of the claims brought on appeal, we will first address Monsees' cross-appeal.

■ Monsees claims that the trial court erred in failing to grant his motion for directed verdict at the close of evidence because the evidence did not support the Union's claim of trespass. Monsees argues that the evidence did not establish the Union's right to possess the sign that was located on a third party's property.

■ In response, the Union argues that Monsees failed to file a motion for judgment notwithstanding the verdict or for new trial and has, therefore, failed to preserve this issue for appellate review. " 'To preserve the question of submissibility for appellate review in a jury-tried case, a motion for directed verdict must be filed at the close of all evidence and, in the event of an adverse verdict, an after-trial motion for a new trial or to set aside the verdict must assign as error the trial court's failure to have directed such a verdict.' " *Johnson v. Allstate Indem. Co.,* 278 S.W.3d 228, 232 (Mo.App. E.D.2009) (quoting *Pope v. Pope,* 179 S.W.3d 442, 451 (Mo.App. W.D.2005)). Thus, by failing to file a motion to set aside the verdict or for new trial, Monsees failed to preserve his submissibility claim for appellate review.

■ We note, *ex gratia,* that the evidence was sufficient to establish trespass.

On appeal, this court is required to view the evidence contained in the record in the light most favorable to the trial court's judgment and to affirm if there is substantial evidence to reasonably support a submissible case of trespass. *St. Louis County v. Stone,* 853 S.W.2d 437, 438 (Mo.App. E.D.1993). "The essence of an action for trespass is violation of possession." [2] *Hostler v. Green Park Development Co.,* 986 S.W.2d 500, 506 (Mo.App. E.D.1999). Accordingly, "[t]o support an action for trespass, the party making the claim must have the legal right to possession." *Id.*

The Union had utilized and exercised control over the content of the sign since the time it purchased its building in 1998, and the previous occupants of the building had been using the sign for decades before that. The wiring for the sign was connected to the Union's building, and the Union paid the electrical expenses associated with its use and provided maintenance for the sign. The testimony also reflects that, over the course of time, the Union had given permission to Monsees and another businesses to hang placards underneath the sign. While the sign was located on the property of a third party, the foregoing evidence allows for a reasonable inference that the third party had ceded possession of the sign to the owner/occupant of the building now owned by the Union. Point denied.

■ We next turn to the Union's claim that the trial court erred in refusing to submit the issue of punitive damages to the jury. Under a common law trespass theory, a party is "liable for all damages proximately caused by their trespass, regardless of whether they acted in good

---

**2.** Because the verdict director has not been included in the record on appeal, we cannot know for certain whether the case was submitted on a trespass to property or a trespass to chattels theory; however, possession is an essential element of either and the key issue disputed at trial. Accordingly, we need not know which theory was put to the jury in order to address Monsees' claim on appeal.

faith and with reasonable care, in ignorance of the plaintiff's rights, or under a mistake of fact or law." *Ridgway v. TTnT Dev. Corp.*, 126 S.W.3d 807, 816 (Mo.App. S.D.2004). Where common law trespass is established, punitive damages may be awarded where there is "clear and convincing evidence that the trespass was malicious, willful, intentional or reckless." *Id.* at 815. "Where a party acts in good faith and honestly believes that his act is lawful, he is not liable for punitive damages." *Hostler*, 986 S.W.2d at 507.

■ The record contains an abundance of evidence from which a jury could conclude, by clear and convincing evidence, that Monsees intentionally removed the sign, that at the time he did so, he knew he did not own the sign, and that it was not on his property. Indeed, Monsees admitted having received a survey of the property when he purchased his building and that the survey reflected that the International Brotherhood of Electrical Worker's sign was not on his property. Monsees stated that he intentionally had the Union's sign removed and the new sign erected to enhance the value of his own property and improve the image of his business. Monsees further admitted being well-aware that the Union claimed ownership of the sign and was opposed to its removal. Thus, there was more than sufficient evidence from which a jury reasonably could find by clear and convincing evidence that Monsees did not have a good faith belief that his act in removing the sign was lawful and that he, in fact, acted not only intentionally but willfully and maliciously.

Since evidence was presented that could have supported an award of punitive damages, the trial court erred in failing to submit that issue to the jury. Accordingly, the judgment must be reversed and the cause remanded for trial on the issue of punitive damages.

■ In its final point, the Union contends that the trial court erred in refusing to award treble damages for statutory trespass under § 537.340. "Section 537.340 sets forth the requirements and punishment for statutory trespass." *Raymond v. Young*, 272 S.W.3d 452, 454 (Mo. App. W.D.2008). It provides:

> If any person shall cut down, injure or destroy or carry away any tree placed or growing for use, shade or ornament, or any timber, rails or wood standing, being or growing on the land of any other person, including any governmental entity, or shall dig up, quarry or carry away any stones, ore or mineral, gravel, clay or mold, or any ice or other substance or material being a party of the realty, or any roots, fruits or plants, or cut down or carry away grass, grain, corn, flax or hemp in which such person has no interest or right, standing, lying or being on the land not such person's own, or shall knowingly break the glass or any part of it in any building not such person's own, the person so offending shall pay the party injured treble the value of the things so injured, broken, destroyed or carried away, with costs. Any person filing a claim for damages pursuant to this section need not prove negligence or intent.

§ 537.340.1. "Statutory trespass attempts to redress plaintiff for injuries that often have intangible qualities, such as aesthetic value, and such damages are often difficult to measure." *Hale v. Warren*, 236 S.W.3d 687, 695 (Mo.App. S.D.2007).

■ "Since section 537.340 is a penal statute, it must be strictly construed." *Lau v. Pugh*, 299 S.W.3d 740, 757 (Mo. App. S.D.2009). So construed, the statute simply cannot be read to apply to the removal of a sign from real property. Aside from the breaking of glass, specifi-

cally noted in the statute, § 537.340 deals exclusively with natural items found on real property.[3]  Point denied.

Because the trial court erred in failing to submit the issue of punitive damages to the jury, the judgment is reversed and remanded for trial on the issue of punitive damages only.  In all other respects, the judgment is affirmed.

. All concur.

---

**3.**  Moreover, while the Union pleaded both common law and statutory trespass, it could not recover the same damages under both theories.  *Ridgway v. TTnT Development Corp.*, 126 S.W.3d 807, 814 n. 5 (Mo.App. S.D.2004).